U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED - LAKE CHARLES

JUN 0 6 2008

ROBERT H. SHEMWELL, CLERK
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| J.I. & N.I. ET AL. | : | DOCKET NO. 2:08 CV 535 |
| VS. | : | JUDGE MINALDI |
| BEAUREGARD PARISH SCHOOL BOARD | : | MAGISTRATE JUDGE KAY |

### MEMORANDUM RULING

Before the Court is a Motion to Dismiss For Lack of Subject Matter Jurisdiction and Motion for Protective Order, filed by the defendant Beauregard Parish School Board (hereinafter "BPSB") [doc. 4]. The plaintiffs, J.I and N.I. et al. (hereinafter "the plaintiffs"), have filed an Opposition [doc. 8]. BPSB filed a Reply [doc. 12].

### BACKGROUND

On November 15, 2007, BPSB made the decision to consolidate Hyatt High School (hereinafter "Hyatt") with Singer and Merryville high schools.[1] Twenty-seven children with mental and/or physical disabilities filed suit on April 15, 2008 against BPSB alleging constitutional violations and violations of the Individuals with Disabilities Education Act (hereinafter "IDEA") resulting from Hyatt's closing at the end of the 2007-2008 school year.[2] The plaintiffs contend that Hyatt's closing violates the rights of their children to a free

---

[1] Pl.'s Ex. A (Rita Mann April 4, 2008 Letter).

[2] Compl. ¶¶ 1, 11 [doc. 1].

appropriate public education (hereinafter "FAPE") under the IDEA.[3] The students will attend Singer and Merryville in the fall.[4]

The plaintiffs argue that attending these schools violates the IDEA because it will cause their children to endure excessively long and dangerous bus rides, compel attendance at a school labeled "in decline" and is allegedly unsafe, and the students will not receive all of the services to which they are entitled pursuant to their Individual Education Programs (hereinafter "IEPs").[5] On April 4, the BPSB President informed the Hyatt parents that they could appeal the assignment of their children at the April Board meeting, although the Board would not consider reopening Hyatt.[6] Thus, the plaintiffs request that this Court issue an injunction preventing Hyatt from closing.[7]

## RULE 12(b)(1) STANDARD

A motion to dismiss filed pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure challenges the subject matter jurisdiction of the court. FED. R. CIV. P. 12(b)(1). A Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction may be raised at any time, including before a responsive pleading is due. BAICKER-MCKEE ET AL. FEDERAL CIVIL RULES HANDBOOK 354, 359 (2008). The court may dismiss for lack of subject matter jurisdiction on any one of three separate bases: (1) the complaint alone; (2) the complaint supplemented by

---

[3] *Id.* ¶ 3.

[4] *Id.* ¶ 12.

[5] *Id.* ¶¶ 12-19.

[6] Pl.'s Ex. A (Rita Mann April 4, 2008 Letter).

[7] Compl. ¶¶ 24-25.

2

undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981). "The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (citing *McDaniel v. United States*, 899 F. Supp. 305, 307 (E.D. Tex. 1995)).

## LAW

Under the IDEA, parents are guaranteed "an opportunity to present complaints with respect to any matter relating to the identification, evaluation, or educational placement of the child, or the provision of a free appropriate public education to such child." 20 U.S.C. § 1415(b)(1)(E). Parents are entitled to an impartial due process hearing, which is conducted by a state or local educational agency. *Id.* § 1415(b)(1)(E). Then, "any party aggrieved by the findings and decision rendered in such a hearing may appeal to the State educational agency." *Id.* § 1415(c). Finally, if any party is aggrieved by the findings made pursuant to either the due process hearing or the appeal to the State educational agency, that party may commence a civil action in federal court. *Id.* § 1415(e)(2). Before initiating a lawsuit, the plaintiff must first exhaust state administrative remedies. *Id.* § 1415(f).

The Fifth Circuit has stated it is "beyond a doubt" that the IDEA requires administrative exhaustion before filing suit in federal court if the action is one pursuant to 20 U.S.C. § 1415(b)(1)(E). *Gardner v. Sch. Bd. of Caddo Parish*, 958 F.2d 108, 111 (5th Cir. 1992). Although exhaustion is required before filing suit, exhaustion is excused when doing so would be futile or inadequate. *Id.* at 111-12 (citing *Honig v. Doe*, 484 U.S. 305, 327 (1988)). "The IDEA's exhaustion requirement serves a number of policy objectives: it allows deference to

3

agency expertise in resolving educational matters; it gives the agency a first opportunity to correct errors; it presents courts with a more fully developed record; and it prevents parties from deliberately disregarding the statute's comprehensive procedures and remedies." *Marc V. v. N. E. Ind. Sch. Dist.*, 455 F. Supp.2d 577, 592 (W.D. Tex. 2006). As the Fifth Circuit has observed, exhaustion is required because the state education agency is better situated to hear and resolve IDEA complaints than a federal court, and presenting complaints to the state educational agency gives the families an opportunity to resolve their complaints prior to filing suit. *Papania-Jones v. Dupree*, 2008 WL 1790428, *2 (5th Cir. 4/17/08).

The plaintiff bears the burden of demonstrating the futility or inadequacy of the administrative review process. *Gardner*, 958 F.2d at 112. This includes demonstrating the futility of both the impartial due process hearing and the appeal to the state administrative agency. *Papania-Jones*, 2008 WL 1790428 at *2; *see also Gardner*, 958 F.2d at 112 (affirming the district court's dismissal of the plaintiffs' complaint for failure to exhaust administrative remedies, where the plaintiffs presented some evidence that a due process hearing would be futile but did not even allege that an appeal to the state administrative agency would be futile).

The Fifth Circuit has recognized that exhaustion is futile where the plaintiff alleges a systematic violation, such as the widespread failure to implement IEPs, and where the due process hearing officer is powerless to correct an alleged IDEA violation. *Papania-Jones*, 2008 WL 1790428 at *3. The Fifth Circuit also recognizes that exhaustion is futile when the plaintiffs are challenging a settled state policy. *Id.* (finding the plaintiffs did not demonstrate futility because there was no systematic violation and the plaintiffs did not challenge a settled state policy that IDEA's administrative process could not address). Furthermore, whether exhaustion

4

is required depends on the source or the nature of the alleged injury and not the specific remedy the plaintiffs requested. *Robb v. Bethel Sch. Dist. # 403*, 308 F.3d 1047, 1050 (9th Cir. 2002). If the plaintiff's injuries could be redressed to any degree through IDEA's exhaustion process, then exhaustion is required. *Id.* Even if IDEA's ability to remedy an alleged wrong is unclear, "exhaustion should be required to give educational agencies an initial opportunity to ascertain and alleviate the alleged problem." *Id.*

In *Thomas v. E. Baton Rouge Parish Sch. Bd.*, the Middle District of Louisiana rejected the plaintiffs' argument that exhaustion was futile. 29 F. Supp.2d 337, 339 (M.D. La. 1998). The plaintiffs, parents of a student covered by the IDEA, argued that exhaustion was futile because their daughter had graduated from high school and thus a hearing officer could not fashion a proper remedy. *Id.* The court disagreed because "disagreements between a parent and a public agency regarding the availability of an appropriate program for a child...are subject to the administrative process." *Id.*

## ANALYSIS

BPSB moves for dismissal because it argues the plaintiffs have failed to exhaust their administrative remedies and that no exception justifies this failure. The plaintiffs oppose dismissal, because they contend that exhaustion is not required under the IDEA, that BPSB should have first filed a responsive pleading, and that even if exhaustion is a requirement under the IDEA, the exhaustion requirement is excused because it would be futile and/or inadequate.

### A.) Exhaustion Not A Requirement of the IDEA

The plaintiffs first argue that exhaustion is not a requirement of the IDEA. For this proposition, the plaintiffs cite a Seventh Circuit case, *Mosely v. Bd. of Educ. of City of Chicago*,

434 F.3d 527, 532-33 (7th Cir. 2006), and a Fifth Circuit case pertaining to the exhaustion requirements of cases challenging agency determinations of wetlands conversion violations, *Dawson Farms, LLC v. Farm Serv. Agency*, 504 F.3d 592, 602-03 (5th Cir. 2007). These arguments are unavailing because the Fifth Circuit has stated that it is "beyond a doubt" that the IDEA requires administrative exhaustion before filing suit in federal court, unless doing so would be futile or inadequate.

### B.) Defendant Must First File a Responsive Pleading

Next, the plaintiffs argue that the failure to exhaust is not jurisdictional, and that this Court cannot consider BPSB's Motion until after BPSB files an answer. As support, the plaintiffs cite a Supreme Court case that the failure to exhaust under the Prison Reform Litigation Act is an affirmative defense. *Jones v. Bock*, 127 S. Ct. 910, 918-19 (2007) (finding that although the prisoners' administrative remedies must be exhausted, prisoner plaintiffs are not required to plead exhaustion in their complaints, but rather the defendant must raise the failure to exhaust as an affirmative defense). This argument is also unavailing. A defendant may file a Rule 12(b) motion to dismiss for lack of subject matter jurisdiction prior to serving an answer. Thus, BPSB's Motion to Dismiss is properly before this Court.

### C.) Adequacy and Futility of Exhaustion

Lastly, the plaintiffs argue that this Court should excuse its failure to exhaust because the administrative remedies are inadequate since BPSB has stated it will not consider keeping Hyatt open. The resolution of this motion therefore turns on whether the plaintiffs can satisfy their burden of showing that exhaustion is inadequate and/or futile.

The plaintiffs argue that BPSB has failed to articulate any available administrative

procedure that would remedy the alleged violations. The plaintiffs allege violations of the IDEA arising from excessively long bus rides, the inability to participate in non-academic and extracurricular activities, and the inability of their children to receive all of the services to which they are entitled under their IEPs. The plaintiffs contend that because BPSB would not consider keeping Hyatt open, and did not present any other potential remedy, exhaustion is futile and inadequate. The plaintiffs misstate the burden of proving the futility or inadequacy of exhaustion; the burden is not on the defendant to prove that there are remedies available under administrative review. The burden is squarely on the plaintiffs to show this Court why they should be excused from the exhaustion requirement.

Having established the plaintiffs must prove the futility or inadequacy of exhaustion, this Court finds that the plaintiffs have not satisfied their burden. The plaintiffs do not allege that they requested a due process hearing regarding the proposed transfers. The plaintiffs also do not allege that an appeal to the state educational agency is futile. The plaintiffs simply state that because administrative remedies cannot keep Hyatt open, exhaustion is futile. This Court disagrees. Even if keeping Hyatt open is not possible, the exhaustion requirement is not futile because the relevant inquiry is whether the administrative process can address the plaintiffs' concerns, not whether the process can grant the specific remedy they request.

The plaintiffs' concerns–long bus rides, insufficient services, and inability to participate in extracurricular activities–all fall under IDEA's purview and are appropriately handled through the administrative process. Even if the due process officer is unable to fashion a remedy, the plaintiffs do not allege that the state educational agency is also unable to fashion a remedy.

Moreover, the plaintiffs do not allege any circumstances that the Fifth Circuit has

recognized as futile. The plaintiffs do not assert a systematic violation of the IDEA, nor do they allege that they are challenging a settled state policy. As the Fifth Circuit has noted, the state educational agency is better suited to hear IDEA complaints and give families an opportunity to resolve their complaints prior to filing suit. Even when it is unclear whether a remedy is available under the IDEA, exhaustion should be required. Because administrative exhaustion is required pursuant to the IDEA, and the plaintiffs have failed to meet their burden of proving exhaustion would be futile or inadequate, this case is dismissed for lack of subject matter jurisdiction; accordingly,

IT IS ORDERED that BPSB's Motion to Dismiss is hereby GRANTED;

IT IS FURTHER ORDERED that this case is hereby DISMISSED in its entirety.

Lake Charles, Louisiana, this ___ day of _____, 2008.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE